IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-152-BO-1
No. 5:12-CV-595-BO

| | |
|---|---|
| DEREK RICHARDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on petitioner's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [DE 59], and the government's motion for reconsideration [DE 60]. For the reasons discussed below, both motions are DENIED.

## BACKGROUND

On January 15, 2014, this Court entered an order [DE 57] that granted the government's motion to dismiss and dismissed petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The order also found that plaintiff's appellate council was in violation of the Fourth Circuit's CJA plan by failing to file a petition for writ of *certiorari* or to file a motion to withdraw if he believed a petition would be frivolous. Petitioner asks the Court to reconsider its dismissal of his § 2255 petition. The government asks the Court to reconsider its finding that petitioner's counsel was in violation of the Fourth Circuit's CJA plan and to hold an evidentiary hearing on the matter.

## DISCUSSION

In order to succeed on a motion pursuant to Federal Rule of Civil Procedure 59(e), the movant must demonstrate that the judgment under reconsideration should be altered or amended. The Fourth Circuit has identified three circumstances that justify altering or amending a judgment: (1) to incorporate an intervening change in the law, (2) to incorporate new evidence which was unavailable when the court made its decision, and (3) to rectify a clear legal error or prevent manifest injustice. *See Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1996)). Petitioner contends that the Court made direct, obvious, and observable errors in dismissing his § 2255 petition. However, petitioner merely reiterates the arguments he made in his memoranda supporting his § 2255 position. Petitioner points to no clear legal error in the Court's January 15, 2014 order. Accordingly, his motion is denied.

Similarly, the Court does not find clear error in its finding that petitioner's counsel violated the Fourth Circuit's CJA plan because "(1) petitioner did ask counsel, in writing, to file a petition in the Supreme Court, (2) correspondence from counsel indicated that he would submit a motion to withdraw as counsel if petitioner wanted to file a petition for certiorari, (3) no petition for writ of *certiorari* was filed, and (4) [petitioner's counsel] never filed a motion to withdraw as counsel of petitioner." [DE 57 at 5–6]. The Court weighed petitioner's claims against the claims of his counsel and found that it was credible that petitioner's letter to his counsel requesting him to file a petition for *certiorari* was misplaced or lost and this resulted in the violation of the Fourth Circuit's CJA plan. In so ruling, the Court determined that an evidentiary hearing was not necessary as the Court was able to make a determination based on the submitted evidence. Accordingly, the government's motion is denied.

2

This order does not affect any of the Court's other factual findings or legal analysis in its January 15, 2014 order.

## **CONCLUSION**

For the foregoing reasons, the petitioner's motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is DENIED, and the government's motion to reconsider is DENIED. This order does not affect any of the Court's other factual findings or legal analysis in its January 15, 2014 order.

SO ORDERED, this **21** day of February, 2014.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE